911 F.2d 720
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BLUE CROSS AND BLUE SHIELD ASSOCIATION, Plaintiff-Appellee,
v.
GROUP HOSPITALIZATION & MEDICAL SERVICES, INC., Defendant-Appellant.
 No. 90-1017.
 United States Court of Appeals, Fourth Circuit.
 Aug. 15, 1990.
Rehearing and Rehearing In Banc Denied Sept. 4, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-89-999-A)
 Charles Joseph Steele, Foley & Lardner, Washington, D.C. (Argued), for appellant;
 Jacqueline M. Saue, Sandra Hardgrove Andrade, Mary Atchley Jester, Foley & Lardner, Washington, D.C., Peter G. Mack, Foley & Lardner, Schwartz, Jeffery, Schwaab, Mack, Blumenthal & Evans, Alexandria, Va., Michael A. Grow, Ward, Lazarus & Grow, Washington, D.C., on brief.
 William Robert Jentes, Kirkland & Ellis, Chicago, Ill., for appellee; James M. Amend, Alexander F. MacKinnon, Kirkland & Ellis, Chicago, Ill., Regis E. Slutter, Burns, Doane, Swecker & Mathis, Alexandria, Va., Paul F. Kilmer, Mason, Fenwick & Lawrence, Washington, D.C., Roger G. Wilson, Elliott C. Bankendorf, Blue Cross & Blue Shield Association, Chicago, Ill., on brief.
 E.D.Va.
 AFFIRMED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Group Hospitalization and Medical Services, Inc. ("Group Hospitalization"), appeals from the order of the district court entering judgment in favor of the Blue Cross and Blue Shield Association ("Association") on the Association's claims of breach of contract and trademark infringement, as well as on Group Hospitalization's tort and antitrust counterclaims. All of the claims centered on Group Hospitalization's attempts to register and exploit the Association's marks in foreign countries and on the Association's attempts to stop it. After review of the record, and careful consideration of the briefs and oral argument, we find that the lower court did not err in holding for the Association on all claims. Consequently, the judgments are affirmed. However, we remand one aspect of the injunctive relief granted for clarification.
 
 
 2
 Upon entering the judgments in favor of the Association, the district court enjoined Group Hospitalization from any further unauthorized use of the marks or attempts to register the marks abroad. The court also ordered Group Hospitalization, inter alia, to (1) assign to the Association all foreign rights it had in the marks; (2) send notice to all of its overseas business partners that it is not authorized by the Association to sell Blue Cross/Blue Shield insurance in foreign countries; (3) recall and destroy any business materials which erroneously gave that impression; and (4) advise by mail all persons who purchased an insurance product from it, or its joint venture partners, that it does not sell Blue Cross/Blue Shield insurance in foreign countries, and insurance cards it issued which carried the Association's marks would not be honored by hospitals in the United States. At oral argument before this court, both parties agreed that this order should not have the effect of denying to innocent purchasers of insurance access to United States medical facilities during the time period when Group Hospitalization notifies its overseas business partners and transfers its foreign rights to the marks to the Association. However, it is unclear from the lower court's order how these individuals' right to coverage will be honored and how long this interim period of coverage will last. Accordingly, we remand for further clarification of this point.
 
 
 3
 In all other respects, the judgment of the district court is affirmed.
 
 
 4
 AFFIRMED AND REMANDED FOR CLARIFICATION.